## KEEP vs. ENOS.

PRACTICE — FILING PAPERS. — Though a plea is deposited with the clerk, it will not, under rule 2, art. 2 of rules of practice, be considered in the case unless marked " filed " by the clerk; and the defendant declining to put in any further plea: *Held*, that judgment against him by default was regular.

(3 Chand., 261.)

ERROR to the Circuit Court for *Rock* County.

The case is stated in the opinion of the court.

*Keep & Todd*, for plaintiff in error, cited 1 Bur. Pr., 170; Johns. Cas., 413 ; 10 Wend., 634.

*D. Noggle*, for defendant in error.

HOWE, J. This was an action of debt on a judgment recov-

ered in the supreme court of the state of New York, brought by the present defendant in the circuit court of Rock county. By stipulation of the parties a jury was waived, and the cause was submitted to the judge, who gave judgment for the defendant in error for the sum of $439.93 debt, and $158.73 damages.

Upon the trial, the plaintiff below moved for the defendant's default for want of a plea. To resist this motion, the defendant made affidavit that at a previous term of the court, he made out and handed to the clerk a written plea, and directed him to file it; and that he had, at different times, seen the same plea amongst the papers in the cause since. Upon being produced, the plea did not appear to have been marked "filed" by the clerk.

The judge decided that he could not regard the plea as *in* the case, for the reason that it was not marked "filed." The defendant declined to put in any further plea, and thereupon his default was entered, to which he excepted.

Undoubtedly, a defendant who does not plead in the cause in due season is liable to be defaulted; or rather, he thereby makes default, and is liable to have judgment interlocutory pass against him. A standing rule of practice then existing in the circuit court declared that no notice would be taken of any paper, "unless marked filed by the clerk." Rule 2, art. 2, old rules.

Under that rule, the clerk's indorsement was the only evidence of authenticity which the court could receive. The defendant's affidavit showed good cause for having his plea thus authenticated, but it did not show an authentic plea. On the contrary, he refused to put in an authenticated plea, and his default was properly entered. The neglect to call the defendant, who stood in open court and refused to plead, was not error, nor was it irregular.

By that default, the plaintiff's cause of action stood confessed, and it only remained for the court to assess to him his damages. This was done by casting interest on the judgment at

seven per cent. per annum.   Our statute gave to him that interest, in the absence of proof that another rate was agreed upon.   No such proof was offered; and whether the testimony of Mr. Smith, as to the rate of interest allowed by the statute of New York, upon judgments, was properly received or not, it cannot affect the judgment, because it could not have injured the defendant.

The judgment of the circuit court must be affirmed.